IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,975-04






EX PARTE DANIEL TORRES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F02-52670V IN THE 292ND DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. His conviction was affirmed on appeal. Daniel Torres v. State,
No. 08-03-00152-CR, 2004 Tex. App. LEXIS 3441 (Tex. App.-El Paso Apr. 15, 2004, pet. ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance because, inter alia, 
counsel: (1) did not investigate the circumstances of applicant's statements to police; (2) did not
move to suppress statements made to police; (3) did not introduce evidence about the source of a
facial scar to rebut the State's theory that applicant received the scar at the crime scene; (4) admitted
party liability in opening statements; and, (5) during closing argument, suggested applicant would
re-offend upon release from confinement. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings as to whether counsel was ineffective for failing to
move to suppress applicant's confessions based on his invocation of his right to counsel, whether
the State alleged that applicant received a facial scar at the scene of the crime and, if so, whether trial
counsel was ineffective for failing to rebut the allegations with evidence that applicant had been
scarred in a separate altercation. Additionally, the trial court shall make specific findings and
conclusions as to whether trial counsel admitted party liability in opening statements, whether trial
counsel suggested in closing arguments that applicant would re-offend upon future release from
prison, and, if the statements were made, whether the statements constituted ineffective assistance
of counsel. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 25, 2009

Do not publish